IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Phyllis Neal, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 09 C 4797 |
| SIMM Associates, Inc., a Delaware corporation, and LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Phyllis Neal, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Phyllis Neal ("Neal"), is a citizen of the State of Pennsylvania, from whom Defendant attempted to collect a delinquent consumer debt owed originally to GE Capital, but now allegedly owes to LVNV Funding, despite the fact that she was

represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities ("LASPD") program, located in Chicago, Illinois.

4. Defendant, SIMM Associates, Inc. ("SIMM"), is a Delaware corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts throughout the United States, including throughout the State of Illinois. In fact, SIMM was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Neal.

5. Defendant SIMM is licensed to do business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State, a copy of which is attached as Exhibit A.

6. Moreover, Defendant SIMM is licensed as a debt collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation, attached as Exhibit B.

7. Defendant LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that act as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Defendant LVNV was acting as a debt collector as to the delinquent consumer debt that its had its agent, Defendant SIMM, attempt to collect from Ms. Neal.

8. Defendant LVNV is a bad debt buyer, which specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debt it then tries to collect via collection firms, like Defendant SIMM.

. 9. Defendant LVNV is licensed to conduct business in Illinois and maintains a registered agent here. See, Illinois Secretary of State record, which is attached as Exhibit C.

10. Defendant LVNV is licensed to act as a collection agency in Illinois. See, Illinois Division of Professional Regulation record, which is attached as Exhibit D.

**FACTUAL ALLEGATIONS**

11. Ms. Neal is a senior citizen of limited assets and income, who fell behind on paying her bills. One such debt she was unable to pay was a debt she originally owed to GE Capital. The GE Capital account became delinquent, and eventually, Defendant LVNV bought the account, and hired Defendant SIMM to begin collection actions relative to that debt.

12. On March 20, 2009, Defendant sent Ms. Neal an initial form collection letter to demand payment of the GE Capital debt. A copy of this letter is attached as Exhibit E. Accordingly, Ms. Neal sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program -- a nationwide program to protect seniors and disabled persons in financial difficulties, where those persons have virtually no assets and their income is protected from collection.

13. On March 27, 2009, Ms. Neal's attorney at LASPD wrote a letter to Defendants, advising them that Ms. Neal was represented by counsel as to this debt, and directing Defendants to cease contacting Ms. Neal, and to cease all further

collection activities because Ms. Neal was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and the fax confirmation are attached as Exhibit F.

14. Nonetheless, despite being advised that Ms. Neal was represented by an attorney, Defendants' debt collector "Tammy Cain" continued to contact Ms. Neal and called Ms. Neal's home twice on April 28, 2009.

15. Accordingly, on April 28, 2009, Ms. Neal's LASPD attorney had to send Defendants yet another letter, directing them to cease communicating directly with Ms. Neal. Copies of this letter and fax confirmation are attached as Exhibit G.

16. Despite being twice advised that Ms. Neal was represented by an attorney and could not pay the debt, Defendants' debt collector "Holly" directly called Ms. Neal on July 10, 2009, to demand payment of the GE Capital debt.

17. All of the collection actions at issue occurred within one year of the date of this Complaint.

18. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Collections

19. Plaintiff adopts and realleges ¶¶ 1-18.

20. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications and from

continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

21.     Here, Ms. Neal's agent, LASPD, told Defendants in writing to cease all collection activities, to cease communications, and that she refused to pay her debts (Exhibit F).  By continuing to communicate with Ms. Neal and demanding payment of her debt, Defendants violated § 1692c(c) of the FDCPA.

22.     Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT I
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

23.     Plaintiff adopts and realleges ¶¶ 1-18.

24.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

25.     Defendants knew that Ms. Neal was represented by counsel in connection with this debt because her LASPD attorneys had informed Defendants, in writing, that she was represented by counsel, and had directed Defendants to cease all collection activities and to cease directly communicating with Ms. Neal.  By directly calling Ms. Neal, despite being advised that Ms. Neal was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

5

26. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Phyllis Neal, prays that this Court:

1. Find that Defendants', SIMM's and LVNV's, debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Neal, and against Defendants, SIMM and LVNV, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Phyllis Neal, demands trial by jury.

Phyllis Neal,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: August 5, 2009

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

6